# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TADARYL WILLIAMS,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents.*

3:07-cv-00441-PMP-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the Petition is time-barred because the Petition was not filed within the one year limitation period established in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#8) and Petitioner's response (#9) thereto.

### *Background*

According to the materials submitted, Petitioner was convicted, pursuant to a jury verdict, of three counts of battery constituting domestic violence, one count of battery with the use of a deadly weapon, and one count of assault with a deadly weapon. On the three counts of battery constituting domestic violence, he was sentenced to two 12 to 60 month terms and one 24 to 120 month term, with all three sentences to run consecutively, for a combined consecutive sentence of 48 to 240 months. On the remaining two counts, he was sentenced to two 12 to 60 month terms that each ran concurrently with all other counts. #6-2, at electronic docket pages 13-14 (judgment of conviction).

The judgment of conviction was entered on August 27, 2003, and the Supreme Court of Nevada affirmed the conviction on direct appeal in an order entered on November 4, 2004.[1]

Petitioner filed a state post-conviction petition on or about May 22, 2006. The state district court dismissed the state petition as untimely, and the Supreme Court of Nevada affirmed on this basis in an order entered on March 8, 2007. The remittitur issued on April 3, 2007.[2]

On or about September 23, 2007, Petitioner mailed the original Petition in this matter for filing.

### *Governing Law*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, a state post-conviction petition that is dismissed as untimely is not "properly filed" for purposes of § 2244(d)(2) and thus does not statutorily toll the federal limitation period. *Pace v. Diguglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, ___ U.S.___, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (*quoting Pace*, 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the

---

[1] #6-2, at electronic docket pages 15-17.

[2] #6-2, at electronic docket pages 18-30; #9, at electronic docket page 20.

-2-

rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The limitation issue may be raised by the district court *sua sponte*.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

### *Discussion*

In the present case, the federal one-year limitation period began running after the ninety day time period expired for filing a petition for *certiorari* in the United States Supreme Court following the Nevada Supreme Court's order affirming the conviction, *i.e.,* on or about February 2, 2005.  Accordingly, unless otherwise tolled, the federal limitation period expired one year later, on or about February 2, 2006.  The federal petition was not mailed for filing until on or about September 23, 2007, more than one year and seven months after the limitation period expired.  Thus, the present petition is subject to dismissal as time-barred under Section 2244(d)(1) unless petitioner can establish a basis for tolling.

In his verified response, Williams asserts that his counsel on direct appeal refused to communicate with him, that appellate counsel did not inform him of the Nevada Supreme Court's November 4, 2004, order affirming his conviction, and that he did not learn of the state high court's order until that court's clerk advised him of the order in an April 10, 2006, response to his inquiry.  Petitioner maintains that "[u]ntil the Clerk responded, Williams had no way of knowing that his state remedies had been exhausted" and that "[t]herefore, he had every reason to delay such filing until he knew that state relief had been denied."  He urges that he "filed his federal petition on May 22, 2006," only three months after the expiration of the limitation period.  He seeks equitable tolling on the basis that he did not learn of the Nevada Supreme Court's order on direct appeal until the state high court clerk's response on April 10, 2006.

Petitioner's argument confuses the federal and state petitions. The federal petition was constructively filed on September 23, 2007. The state petition was filed on May 22, 2006.

Even if the Court assumes, *arguendo*, that petitioner is entitled to equitable tolling through on or about April 10, 2006, the federal limitation period would expire one year later on or about April 10, 2007. The federal, as opposed to state, petition was not constructively filed until September 23, 2007, more than five months after the extended period expired.

Under *Pace, supra*, the state petition did not statutorily toll the federal limitation period because it was dismissed as untimely.[3]

The federal petition therefore was untimely. The basis for equitable tolling upon which petitioner relies – lack of knowledge of the Nevada Supreme Court's November 4, 2004, order on his direct appeal – ended on or about April 10, 2006, more than a year prior to the filing of the federal petition. Petitioner has not demonstrated that an extraordinary circumstance stood in the way and prevented the timely filing of the federal petition, and he has not come forward with evidence tending to demonstrate a causal relationship between the circumstance alleged and the lateness of his federal filing.

The Court further notes the following.

First, given that a constitutional claim was raised on direct appeal, petitioner could have filed a federal petition with at least one exhausted federal claim at any time after learning of the Nevada Supreme Court's order on direct appeal. He then could have requested a stay while he sought to exhaust other claims. *Cf. Pace*, 544 U.S. at 416-17, 125 S.Ct. at 1813-14. No extraordinary circumstance stood in his way and prevented him from doing so.

Second, the Nevada Supreme Court's March 8, 2007, order on the post-conviction appeal was sent to petitioner approximately a month before the federal limitation period, as extended, would have expired on or about April 10, 2007. Petitioner did not need to wait for the remittitur to seek federal habeas relief, and petitioners regularly file federal habeas petitions in this Court following upon the receipt of the order deciding the appeal without

---

[3] *Pace* was decided on April 27, 2005, more than a year before Williams filed his state petition.

waiting for receipt of the remittitur as well. If the Court assumes, *arguendo*, that petitioner was entitled to equitable tolling through April 10, 2006, he had notice of all state court decisions prior to the expiration of the extended federal limitation period on April 10, 2007. He nonetheless failed to act promptly before the limitation period expired.

Third, Petitioner did not file the federal petition until more than six months after the Supreme Court of Nevada affirmed the dismissal of his state petition for untimeliness. His dilatory actions in this regard, particularly after having been advised that his state petition already had been dismissed for untimeliness, did not constitute a diligent pursuit of his rights.

The Court accordingly holds, on the showing and argument made,[4] that the Petition is untimely.

IT THEREFORE IS ORDERED that the Petition, as amended, shall be DISMISSED with prejudice as untimely. The Clerk of the Court shall enter final judgment accordingly against Petitioner and in favor of Respondents, dismissing the Petition, as amended, with prejudice as untimely.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of the Court additionally shall serve a copy of this order, the judgment, the Petition (#6), and the Amended Petition (#7) upon Respondents by sending same by certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. No response is required from Respondents.

DATED: May 13, 2008.

_____
PHILIP M. PRO
United States District Judge

---

[4] The show cause order (#8), *inter alia*, expressly informed petitioner: "If Petitioner responds [to this order] but fails to come forward with specific facts demonstrating that the Petition is not time-barred, the Petition will be dismissed with prejudice."